### F. M. MISENHEIMER v. TOWN OF TROY.

(Filed 22 January, 1936.)

APPEAL by plaintiff from *Sink, J.,* at April Term, 1935, of MONT-GOMERY. Affirmed.

This is an action for actionable negligence brought by plaintiff against defendant alleging damage.

*R. L. Smith & Sons, W. L. Mann, and M. C. Lisk for plaintiff.*
*F. T. Poole for defendant.*

PER CURIAM. At the close of plaintiff's evidence the defendant made a motion in the court below for judgment as in case of nonsuit. C. S., 567. The court below granted the motion, and in this we can see no error.

The plaintiff's evidence was to the effect that he and his brother were engaged in hauling crossties and went to Troy in a truck, on 22 April, 1933, and stopped in the main section of the town—on west side of street. In going to Johnson's store, on the east side, he passed across the street and stepped on the curbing and slipped and fell on a barrel in front of Johnson's store. That the curbing was painted white with fresh paint. Plaintiff testified, in part: "I went across the street and the little six-inch curbing was painted white and I stepped on it with my right foot and it slipped out to the left and threw me over on the barrel—the right side. It was an apple barrel, with no hoop on the top, an empty barrel."

The plaintiff was seriously injured. It was in the morning, about 10 or 11 o'clock.

Johnson, a witness for plaintiff, testified: "Curb was painted half-way in front of store. All way round the end. Run off in front of filling station. Had never seen this curb painted before. Don't know why it was there and don't know why or who put it there."

If it was negligence for the defendant to paint the curbing, there is no evidence that it was done by the defendant town, or that the officers of defendant knew, or by the exercise of due care ought to have known, of the situation complained of. It is questionable, under the facts and circumstances of this case, if the painting of the curbing was done by defendant and the barrel was as indicated in the evidence, that it was such a situation that injury to travelers might be reasonably anticipated or foreseen.

We think the judgment of the court below must be
Affirmed.